

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-16-2004

# Hall v. Feigen

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2784

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Hall v. Feigen" (2004). *2004 Decisions.* Paper 496.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/496

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 03-2784
_____


ELIZABETH R. HALL

v.

TRACY FEIGAN;
TEMPTATIONS I, INC.
d/b/a THE NEW GOLDEN MOON;
JOHN DOE, MANAGER;
JOHN DOE, BARTENDER;
EASTAMPTON TOWNSHIP;
GERALD MINGIN, POLICE CHIEF;
JOHN DOE, CAPTAIN;
JOHN DOE, LIEUTENANT;
JOHN DOE, SERGEANT;
STEPHEN SAWYER, POLICE OFFICER

(N.J. (Camden) D.C. No. 00-cv-06254)


DANIEL MCCORMACK, ESQ., Guardian of
Elizabeth R. Hall, an incapacitated person;
ELIZABETH R. HALL


v.


TRACY FEIGEN a/k/a TRACEY FEIGEN;
TEMPATIONS I, INC.,
a/k/a NEW GOLDEN MOON, a/k/a GOLDEN MOON
d/b/a THE NEW GOLDEN MOON;
LOUIS SERLENGA; JAMES SERLENGA; SERLENGA, INC.

JOHN DOE, MANAGER; JOHN DOE, BARTENDER;
ABC FICTITIOUS CORPORATION; JOHN DOES, #1-15;
EASTAMPTON TOWNSHIP; GERALD MINGIN, POLICE CHIEF;
JOHN DOE, CAPTAIN; JOHN DOE, LIEUTENANT;
JOHN DOE, SERGEANT; STEPHEN SAWYER, POLICE OFFICER

(N.J. (Camden) D.C. No. 01-cv-01639)


Elizabeth R. Hall;
Daniel McCormack, Esq.,

*Appellants*

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Nos. 00-cv-06254 and 01-cv-01639)
District Judge: Honorable Robert B. Kugler
_____

Submitted Under Third Circuit LAR 34.1(a)
June 28, 2004

Before: AMBRO, BECKER and GREENBERG, *Circuit Judges*

(Filed: July 16, 2004)

_____

OPINION
_____

BECKER, *Circuit Judge.*

I.

A.

2

This appeal by Elizabeth R. Hall from the grant of summary judgment against her in favor of the defendants Eastampton Township, Chief Gerald Mingin, and Police Officer Stephen Sawyer is set in tragic circumstances. The facts, as set forth in Hall's brief, which must be viewed in the light most favorable to her as the non-moving party, are as follows.

On April 10, 1999, at approximately 1:45 a.m., Hall was backing out of her driveway when her car was struck by a vehicle driven by Tracy Feigan. As a result of the accident, Hall suffered permanent brain damage and is no longer able to take care of her child. Shortly before crashing into Hall's car, Feigan, a 27-year-old go-go dancer, had stopped at a Mobil On the Run gas station convenience store, having just left work at the Golden Moon strip club, where she had consumed at least five alcoholic beverages during her shift. When Feigan entered the Mobil On the Run, she recognized defendant Stephen Sawyer, a police officer of defendant Eastampton Township, who had stopped her for speeding approximately two months before. Sawyer was on duty at the time of the convenience store encounter.

Feigan was a recidivist speeder who had been classified by the State of New Jersey as a "persistent violator." She had eleven speeding convictions and her driving privileges had been suspended ten times. When Officer Sawyer had stopped Feigan for speeding approximately two months before, he had downgraded Feigan's offense and had only cited her for not wearing a seatbelt, a non-moving violation, because given the excessive

3

number of points on her license, she would have lost her driving privileges if she had been convicted of speeding. Not surprisingly, when Feigan encountered Sawyer at the convenience store on April 10, 1999, she went up to him, kissed him on the cheek and thanked him for not giving her a speeding ticket a couple of months before. When she did so, Sawyer smelled alcohol on her breath and hence knew that she had been drinking.

At the time, Feigan was smoking a cigarette in the store, and Sawyer repeatedly told her to put it out. It was Sawyer's understanding that Feigan had just gotten off work at the Golden Moon, where the go-go dancers are given drinks as tips. Despite this knowledge, and the fact that he knew Feigan had been drinking and thought that she was intoxicated, and also despite the fact that Sawyer knew that she had a very poor driving record, Sawyer did not attempt to determine if Feigan was drinking *and* driving, or attempt to enforce the driving while intoxicated laws against her. Feigan testified that while she was talking to Sawyer in the convenience store, she probably had her keys in her hand.

After joking around with Officer Sawyer, Feigan left the store and got behind the wheel of her car, which was parked in front of the convenience store and easily visible to Sawyer. Less than five minutes later she crashed into Hall's car. At the time of the collision, Feigan did not have her headlights on.

B.

4

Hall's position on appeal is that the facts support a substantive due process claim against the defendants on two levels. First, Hall maintains that Sawyer's decision not to enforce the driving while intoxicated laws against Ms. Feigan was arbitrary and capricious and "shocks the conscience." *County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998). Second, she submits that the policy and/or custom of Eastampton Township of allowing its police officers "unfettered discretion" violated the Due Process Clause by failing to provide any guidelines or limits on their discretion, and that this policy and/or custom authorized and encouraged the unconstitutional arbitrary and discriminatory enforcement of the law. *See City of Chicago v. Morales*, 527 U.S. 41, 56, 63-64 (1999).[1] Defendants respond that this case involves no more than negligence, for which the Constitution does not provide a remedy. The District Court, after analyzing the relevant cases, concluded that Hall had not been deprived of a constitutionally protected right. The case is not easy to categorize, and there is no precedent directly on point. However, reasoning upon general Constitutional principles, we are satisfied that we must affirm.

II.

In order to maintain a § 1983 claim, "a plaintiff must show that the defendant deprived him of a right or privilege secured by the Constitution or laws of the United

---

[1] There is some confusion as to whether Hall proceeded in the District Court on a state created danger theory of liability, but she has clearly disclaimed any reliance on that theory in this appeal.

States while acting under color of state law." *Williams v. Borough of West Chester*, 891

F.2d 458, 464 (3d Cir. 1989). As noted above, Hall relies principally on *County of*

*Sacramento v. Lewis*, 523 U.S. 833, and the proposition that Sawyer's decision not to

enforce the driving while intoxicated laws against Feigan was arbitrary and capricious

and "shocks the conscience." Hall's brief enjoins us to view the record as a whole, to

focus sharply on the circumstances facing the police officer, and to consider the lofty

principles that generally govern the obligations of police officers. It also urges us to

focus on the principles reflected in Section 3:10.2 of the Eastampton Police Manual,

which provides that "All members. . . must remain completely impartial toward all

persons coming to the attention of the department." The handbook also charges

Eastampton Township police officers "with the enforcement of all provisions of local and

state traffic codes," and provides that "[f]ailure to take appropriate action in traffic

violations cases is considered neglect of duty."

We have considered all these matters just as Hall suggests, but are unable to

conclude that the failure of Officer Sawyer to take action under the facts described in Part

I.A satisfies the exacting "shocks the conscience" test. Moreover, Hall cites to no case

with facts anywhere similar to those that support her position.

To be sure, when a person is damaged by outrageous police conduct but the

resulting injury does not neatly fit within a specific constitutional remedy, the injured

party may, depending upon the circumstances, pursue a substantive due process claim

6

under § 1983. *See United States v. Smith*, 7 F.3d 1164, 1168 (9th Cir. 1993) (explaining that circumstances surrounding entrapment are particularly prone to implicate notions of fundamental fairness). But the conduct at issue in this case was not outrageous: Sawyer never even saw Feigan operate the automobile. While Sawyer may well have been negligent, the Due Process Clause is not implicated by a negligent act causing unintended loss of or injury to life. *See Daniels v. Williams*, 474 U.S. 327 (holding that injuries sustained by a prisoner due to the negligent conduct of a correctional officer did not constitute a deprivation of a Fourteenth Amendment right).

In *DeShaney v. Winnebago County Dept. of Soc. Servs.*, 489 U.S. 189 (1989), the Supreme Court explained that "nothing in the language of the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by private actors. The Clause is phrased as a limitation on the State's power to act, not as a guarantee of certain minimal levels of safety and security." *Id*. at 195. The Court further explained that the Due Process Clause "forbids the State itself to deprive individuals of life, liberty, or property without 'due process of law,' but its language cannot fairly be extended to impose an affirmative obligation on the State to ensure that those interests do not come to harm through other means." *Id*. In the absence of a duty to protect Hall, and in the absence of evidence that Sawyer acted in willful disregard of actual knowledge of a serious risk of Hall's safety (there is none under the facts recited in Part I.A), the case does not come close to meeting the "shocks the conscience" test.

7

III.

Hall also claims that she produced sufficient facts from which a jury could infer that Eastampton Township had an unconstitutional policy and/or custom of allowing its police officers unbridled discretion in the enforcement of the law. In particular, she points to the testimony of Policy Chief Mingin who explained in his deposition that Eastampton Township police officers could exercise their discretion in deciding whether to charge individuals with certain driving offenses or whether to downgrade the charges, again solely at the officer's discretion. Hall contends that this testimony is sufficient to establish an unconstitutional policy and/or custom.

Hall's argument rests largely on *Kolender v. Lawson*, 461 U.S. 352 (1983), where the Supreme Court held that without "minimal guidelines, a criminal statute may permit a standardless sweep [that] allows policemen, prosecutors, and juries to pursue their personal predilections" and vests in police "a virtually unrestrained power to arrest and charge persons with a violation." *Id*. at 358, 360 (internal quotation marks and citations omitted). Hall's reliance on *Kolender* is misplaced. In *Kolender*, the Supreme Court determined that a statute which required persons who loitered to provide a credible and reliable identification and to account for their presence, when requested by a peace officer under circumstances that would justify a *Terry* stop, was unconstitutionally vague within the meaning of the Due Process Clause of the Fourteenth Amendment. The Court so held

8

(1) because the statute failed to clarify what was contemplated by the requirement that a suspect provide a credible and reliable identification and (2) because the statute vested complete discretion in the hands of the police to determine whether the suspect had satisfied the statute and was therefore free to go in the absence of probable cause to arrest. But in this case, Hall does not allege that the police over-reached, as the statute in *Kolender* permitted. Rather, she complains that Officer Sawyer *under*-reached by failing to conduct an investigation even though he had reason to believe that Feigan was intoxicated.

The difference is significant. While Kolender had a constitutionally protected right to be free of discriminatory conduct directed at him, Hall has no substantive due process right, as a third party, to be the beneficiary of non-discriminatory (here preferential) conduct allegedly directed at Feigan. While Officer Sawyer's decision not to investigate the state of intoxication of a go-go dancer who kissed him in gratitude for having previously not ticketed her for speeding may seem unsavory, Officer Sawyer had no specific duty to conduct such an investigation under the circumstances of this case. Despite her protestations to the contrary, Hall can point to no cognizable substantive due process right that was violated in this situation.


IV.

Because Hall can establish neither that Officer Sawyer's decision not to investigate

Feigan's level of intoxication was arbitrary and capricious nor that the policy and/or custom of Eastampton Township allowed its police officers "unfettered discretion" that violated the Due Process Clause by failing to provide any guidelines or limits on their discretion, we will affirm the District Court's grant of summary judgment to the defendants.